### ELIAS WEBB *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 4—436.]

**Evidence of Robbery—Criminal Law.**

> Where one charged with robbery successfully proves an alibi, the court should not have admitted evidence of an attempt made by the accused to escape from the jail. Where there is nothing else upon which to base a conviction of guilt except an attempted escape, the accused should be acquitted, but if evidence of such attempt is competent, then the accused should have been allowed to show the motive prompting him to escape from the jail.

APPEAL FROM MARION CIRCUIT COURT.

November 2, 1882.

OPINION BY JUDGE PRYOR:

The only evidence in this case conducing to establish the guilt of the accused is the attempt to escape from the jail of the county in which he was imprisoned. His attack upon the jailer and the facts connected with his attempt to escape were calculated to prejudice his case, and particularly so when he was prohibited from rebutting the presumption of guilt arising from his effort to escape by showing the motive that prompted him to leave the jail. If human testimony is to be believed it was impossible for the appellant to have committed the offense, and when the manner of obtaining the buggy is satisfactorily accounted for as well as the

presence of the accused at home, by disinterested witnesses at the time the robbery was committed, the court should have excluded from the jury all the evidence of the attempt upon the part of the accused to escape imprisonment, and besides, we think a detail of the manner of his escape and the circumstances were incompetent on the facts before us to show guilt on the part of the accused. There being nothing else upon which to base a conviction, certainly, if competent, the appellant ought to have been allowed to show the motive prompting him to leave the jail. The judgment must be *reversed* and the appellant awarded a new trial.

*Hill & Rives, for appellant.*

*P. W. Hardin, for appellee.*